MITCHELL, Appellant, v. GRIFFITH, Respondent.

1. Where, in a suit executed in the year 1847, while the act of Jan'y 15, 1847, (sess. acts, 1847, p. 63,) regulating the interest of money, was in force, the jury found that the interest reserved—ten per cent.—exceeded the lawful rate of interest by four per cent.; *held*, that the court committed no error in deducting from the principal of the note the interest upon the same at four per cent. for the whole time the note was running, that is, from its date to the date of the judgment, and in giving judgment for plaintiff for the balance only of the principal.

2. Nor is it error in such a case to give judgment against plaintiff for costs.

*Appeal from Hannibal Court of Common Pleas.*

The facts sufficiently appear in the opinion of the court.

*R. F. Richmond,* for appellant. The jury having found for the plaintiff (appellant), no motion was made for a new trial. The error complained of is in the judgment rendered by the court after verdict. So far as the plea of usury was concerned, there was no dispute about the facts, and no issues to be settled not apparent from the pleadings and papers. The note sued on was dated August 16th, 1847, and made payable on the 1st November following, with ten per cent. interest from date. The respondent sets forth in his answer, and shows by his proof, that this note was for a deferred payment on the purchase of a tract of land.

For appellant it is contended, 1. That the note was not for usurious interest under the act of 1847. 2. The defendant was *estopped* by his own act to set up the plea of usury. 3. The court, at all events, erred in deducting from the principal sum named in the note four per cent. per annum from the date of the note till the judgment, as *four per cent.* only from the face of the note should, under any circumstances, have been deducted—as the note called for ten per cent. being four per cent. only above six per cent., the legal interest.

*Glover & Richardson,* for respondent.

RYLAND, Judge, delivered the opinion of the court.

This is a suit upon a promissory note by plaintiff, as assignee of Ely, against the defendant. There was a trial by jury and verdict for plaintiff, with a special finding that the interest reserved exceeded lawful interest four per cent. The court deducted from the principal of the note a sum equal to four per cent. per annum on the amount of the note, and gave judgment for the plaintiff for the balance of the principal, and then gave judgment against the defendant in favor of the school fund for six per cent. interest per annum, on this balance of principal, and rendered judgment against the plaintiff for costs. The plaintiff excepted to the opinion of the court in rendering the above judgment, and brings the case here by appeal, and asks for a reversal of this judgment, and for judgment to be rendered in his favor for the principal of the note and interest thereon at ten per cent. ; but if this be denied, then for judgment for the principal of the note, less four per cent.

The record is a voluminous one, and full of details of evidence and instructions ; but this court will pay no attention to them, as the only matters complained of rest entirely upon the judgment given by the court on the verdict. The plaintiff did not move for a new trial, and he complains of the court in rendering the judgment only.

This case presents questions in regard to a proper construction of the act of 1847 regulating interest. However, before I notice that act, it may be well enough to notice the point raised by the plaintiff's counsel, that this is no case of usury ; that it is a note given for a deferred payment of an instalment due on the purchase of a tract of land, and is not a borrowing and lending, nor such a transaction as can be considered usurious under our statute. The plaintiff, in his petition, describes the note as bearing date the 16th August, 1847, for the sum of three hundred and seventy-nine dollars and seventy-two cents, payable on or before the first day of November ensuing, *with interest on the same at ten per cent. per annum* from date,

for value received, payable to Ira Stout.   Now at the date of this transaction, our statute did not allow of more than six per cent. interest.   The testimony shows that Griffith purchased a tract of land from Stout for $6284, cash, all paid except the note in suit here ; and, from the note, it is plain that more than lawful interest was to be paid for the forbearance of the sum therein specified for the short time between 16th August and 1st November, 1847.   Now it was competent for these parties to have so contracted that usury could not have been predicated on the balance of the consideration money not paid down ; but we think that they have failed to do so in this case, and that the note calls upon its face for the interest not allowed by law.   In the case of Beete v. Bidgood, (7 Barn. & Cress. 453 ; Chit. on Cont. 710,) where a contract was made for the sale of an estate at a certain price, and it was agreed that this should be paid by instalments at certain future days, with interest calcu- lated at six per cent. per annum, and promissory notes were given for those sums compounded of the instalments and that which was called interest, the court of king's bench held that the whole must be considered as the purchase money of the estate, and that the bargain was not usurious.   There is no- thing in the case before us to satisfy us that it was the bargain, at the time the purchase of the land was made, that the note was to bear ten per cent. interest from date, as a part of the consideration money to be paid for the land.   The money was nearly all paid down, and for the small balance still unpaid the note was given, and ten per cent. interest from date was agreed to be paid.   It was a cash sale, and there does not ap- pear to have been any contract or understanding in regard to the note at the time.   We consider, then, that it was a trans- action in which usury could make its appearance, and the note and finding of the jury satisfy us on this point.   (Evans v. Negley, 13 Serg. & Rawl. 218.)

In an action where usury is found by a jury on defendant's plea, or by the finding of the court, " the court shall render judgment on such verdict or finding for the real sum of money

or price of the commodity actually lent and advanced or sold, after deducting from the real sum of money or price of the commodity, as aforesaid, the amount of interest contracted or agreed for, received or taken, over and above the interest at the rate of six per cent. per annum, and shall render judgment for interest on the real sum of money or price of the commodity, as aforesaid, after making the deduction as aforesaid, at the rate of six per cent. per annum ; upon which judgment the court shall cause an order to be made, setting apart the whole interest for the use of the county in which the suit may be brought, for the use of common schools, &c., and the defendant may recover his costs." (Sess. Acts, 1847, p. 63.) We agree with the construction put upon this statute by the court below. Where the note has been running more than a year, it is not sufficient by the act to deduct from the principal the excess of interest agreed on above six per cent. ; but the deduction must be the amount agreed for " over and above the interest at the rate of six per cent. per annum." When the note calls for ten per cent. interest and has run only one year, it is sufficient to deduct four per cent. ; but if it has run more than one year, the interest agreed for must be calculated for the whole time it has run, and then the excess over the interest at six per cent. per annum is to be deducted. This view of the act accords with the judgment below, and the court has the power to give the defendant costs.

Upon the whole record, the majority of this court is of the opinion that the judgment below should be affirmed. It is accordingly affirmed; Judge Leonard concurring; Judge Scott dissenting.